

**ORDERED in the Southern District of Florida on March 10, 2022.**



Peter D. Russin, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

Anthony Rolon, Sr.,

    Debtor.

_____/

Provide Media, Inc.,

    Plaintiff,

v.

Anthony Rolon, Sr.,

    Defendant.

_____/

Case No. 21-12046-PDR

Chapter 7

Adv. Case No. 21-01227-PDR

## ORDER GRANTING DEFENDANT'S MOTION
## TO DISMISS SECOND AMENDED COMPLAINT

To survive dismissal, a complaint alleging fraud must comply with the heightened requirements of Fed. R. Civ. P. 9. Attaching lengthy exhibits to the

complaint and requiring the defendant to excavate from the exhibits the misrepresentations that comprise the alleged fraud does not comply with these heightened requirements. Failing to comply with Rule 9 after leave to amend with specific instructions from the Court justifies dismissal with prejudice.

## Background

Plaintiff, Provide Media, Inc., is a performance marketing firm that provided various marketing services to World Wide Partners, Inc. ("WWP") and Tribeca Marketing Group, Inc. ("Tribeca"). Defendant, Anthony Rolon, Sr., holds a 100% stake in WWP and a 60% stake in Tribeca.[1] Plaintiff alleges that, between 2016 and 2020, Defendant promised Plaintiff on various occasions that its outstanding invoices to WWP and Tribeca would be paid and that Plaintiff should therefore continue its services, and in reliance upon these promises Plaintiff complied to its detriment. Plaintiff also alleges that WWP and Tribeca are Defendant's alter egos.

In March 2021, Defendant filed a voluntary Chapter 7 petition and listed Plaintiff as holding two unliquidated, disputed claims; the first a $98,362.00 business debt from January 2019 for which WWP is listed as a co-debtor; the second a $45,410.00 business debt from May 2020 for which Tribeca is listed as a co-debtor.[2]

Plaintiff filed this adversary proceeding seeking a determination that the debts owed to it by Defendant arising out of Plaintiff's transactions with WWP and Tribeca

---

[1] (Main Case Doc. 18 at 8). Docket entries filed in this adversary proceeding are cited as "(Doc. XX)"; docket entries filed in *In re Anthony Rolon*, No. 21-12046-PDR (Bankr. S.D. Fla.) are cited as "(Main Case Doc. XX)."

[2] (Main Case Doc. 18 at 47, 69, 78).

are nondischargeable under 11 U.S.C. § 523(a)(2)(A), for money and services obtained by false pretenses, false representation, or actual fraud. Plaintiff voluntarily amended the first complaint to withdraw a second count and correct the amount sought to be deemed nondischargeable ("Amended Complaint").[3] The Court dismissed Plaintiff's Amended Complaint because it failed to satisfy the heightened pleading requirements for fraud.[4] Plaintiff amended the complaint again on October 21, 2021 ("Second Amended Complaint"). Defendant argues that the Second Amended Complaint suffers from the same deficiencies and should be dismissed with prejudice. The Court held a hearing on the matter on January 19, 2022.

## Jurisdiction

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b). The Court has statutory authority to hear and determine this case under 28 U.S.C. §157(b)(2)(I) and the general order of reference from the United States District Court for the Southern District of Florida. S.D. Fla. Local Rule 87.2(a). Venue is proper under 28 U.S.C. § 1409.

## Legal Standard

Fed. R. Bankr. P. 7012 applies Fed. R. Civ. P. 12 to adversary proceedings. Motions under Rule 12(b)(6) are designed to test the legal sufficiency of the complaint. *See GSW, Inc. v. Long Cty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). When deciding a motion under Rule 12(b)(6), the Court must treat all well-pleaded facts as true and

---

[3] (Doc. 7).

[4] (Doc. 21).

interpret all facts in the light most favorable to the plaintiff. *See Ortiz v. Deutsche Bank AG (In re Estrategias en Valores, S.A.)*, 628 B.R. 722, 726 n.1 (Bankr. S.D. Fla. 2021) (citing *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff need not include detailed factual allegations, but "the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

An adversary complaint asserting a claim for fraud must satisfy the heightened pleading standard under Fed. R. Bankr. P. 7009, which applies Fed. R. Civ. P. 9.[5] Rule 9 requires the complaint to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); Fed. R. Bankr. P. 7009. Because "fraud often cannot be pled with certainty before discovery," courts "look carefully for specific allegations of fact giving rise to a strong inference of fraudulent intent, keeping in mind that the pleading of scienter may not rest on a bare inference that a defendant must have had knowledge of the facts." *Wilson Family Foods, Inc. v. Brown (In re Brown)*, 457 B.R. 919, 925 (Bankr. M.D. Ga. 2011) (internal quotation marks omitted)

---

[5] The requirements of Rule 9(b) serve "an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (cleaned up); *see also Metro. Steel, Inc. v. Halversen (In re Halversen)*, 330 B.R. 291, 301 (Bankr. M.D. Fla. 2005) ("The serious nature of fraud requires a plaintiff to plead more than conclusory allegations of fraudulent conduct.") (cleaned up).

(quoting *Maldonado v. Dominguez*, 137 F.3d 1, 9–10 (1st Cir. 1998)). The plaintiff must allege fraud with sufficient particularity to allow the defendant "a reasonable opportunity to answer the complaint and adequate information to frame a response." *Future Tech Int'l v. Tae Il Media*, 944 F. Supp. 1538, 1571 (S.D. Fla. 1996) (internal quotation marks and citation omitted); *First City Nat'l Bank & Tr. Co. v. Fed. Deposit Ins. Co.*, 730 F. Supp. 501, 513 (E.D.N.Y. 1990) (quoting *Ross v. A.H. Robins Co.*, 607 F.2d 545, 557–58 (2d Cir. 1979)).

"Under Rule 9(b), a plaintiff must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Sampson v. Washington Mut. Bank*, 453 F. App'x 863, 866 (11th Cir. 2011) (citation and internal quotation marks omitted). "To be precise, to survive a motion to dismiss, Plaintiffs must assert the who, what, when, and where of the purported fraud." *Cox-Tanner v. Taylor, Bean, & Whitaker Mortg. Corp. (In re Taylor, Bean, & Whitaker Mortg. Corp.)*, No. 3:09-BK-7047-JAF, 2011 WL 5245420, at *5 (Bankr. M.D. Fla. 2011).

## Analysis

To state a claim under § 523(a)(2)(A), Plaintiff must plead that Defendant "made a false statement with the purpose and intention of deceiving the creditor; the creditor relied on such false statement; the creditor's reliance on the false statement was justifiably founded; and the creditor sustained damage as a result of the false statement." *Fuller v. Johannessen (In re Johannessen)*, 76 F.3d 347, 350 (11th Cir.

1996). Plaintiff alleges that Defendant assured that the outstanding invoices for services rendered to both WWP and Tribeca would be paid in reliance upon which it continued providing services to them to its detriment. While the Second Amended Complaint generally states that Defendant made "fraudulent promises and misrepresentations" to Plaintiff about payment of the outstanding invoices, it fails to specify even one example. Instead, in support of these conclusory assertions, the complaint references the attached exhibits consisting of more than 70 pages without any specific citations. Without more, the "[e]xhibits, alone, afford [Defendant] no particularized notice of the allegations against him," and fail to meet the Rule 9(b) requirement of identifying the allegedly fraudulent representations with particularity. *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 87 (11th Cir. 2008).

The only instance of an allegation with some particularity is Paragraph 13, asserting that "between October 8, 2016, and December 22, 2020, [Defendant] made numerous false promises and misrepresentations to [Plaintiff] via text messages that the outstanding invoices of WWP and Tribeca would be paid as specifically set forth in the attached text messages." While this sentence provides a broad timeline of when the alleged fraud occurred and the method through which it was delivered, it offers no other specificity. Again, the complaint simply refers to a lengthy exhibit but in doing so requires the Defendant to excavate the details, instead of specifically stating even one instance of the allegedly fraudulent misrepresentations.

Defendant argues that Plaintiff's Second Amended Complaint again lacks Rule 9 particularity and that neither he nor the Court can be expected to read through numerous pages of email and text message exchanges to decern the alleged fraudulent representations. Plaintiff responds that Defendant "do[es] not need to 'speculate' or use [his] 'imagination'" and instead he "just need[s] to actually read Exhibits D and E to the Amended Complaint to simply see the 'who, what, where and how' of Defendant[']s numerous fraudulent misrepresentation[s]."[6]

The Second Amended Complaint makes only two changes from the Amended Complaint that was dismissed on Rule 9 issues. First, it adds Paragraph 13 which generally references that promises were made by text over the course of a four-year period but provides no particulars. Second, it adds 50 pages of text messages to the attached exhibits without specifically addressing in the complaint their content or significance and simply directs the reader to them. The Second Amended Complaint, therefore, suffers from the same issues that necessitated dismissal of the Amended Complaint. To require Defendant and the Court to search for the circumstances constituting fraud including the "who, what, where and how" of Defendant's alleged numerous fraudulent misrepresentations in the many pages of exhibits simply does not satisfy the heightened requirements of Rule 9. *See, e.g., W. Coast Roofing & Waterproofing, Inc.*, 287 F. App'x at 87–88 (concluding that a complaint with "generalized allegations that voluminous [attached exhibits] contain examples of

---

[6] (Doc. 35 at 6).

false statements" did not satisfy Rule 9 where it failed "to identify which representations within the documents were false").

Dismissal with prejudice is appropriate where the plaintiff has had an opportunity to amend pleading deficiencies and the same issues persist in the subsequent complaint. *See, e.g.*, *W. Coast Roofing & Waterproofing, Inc.*, 287 F. App'x at 90 (holding that the district court did not abuse its discretion "when it dismissed the fraud based claims of plaintiff's Second Amended Complaint with prejudice, denying plaintiff another opportunity to amend its pleading"); *Century Surety Co. v. Hartford Fire Insurance Co.*, No. 05-22517-CIV-GOLD, 2006 WL 8433282 (S.D. Fla. Sept. 6, 2006) (dismissing with prejudice the Second Amended Complaint, which was Plaintiff's third attempt to state a claim, for failure to allege enough facts despite express instructions from the Court's previous dismissal); *Dismuke v. Univ. of South Fla. Bd. of Trs.*, No. 8:05-CV-340-T-17-TBM, 2006 WL 166547 (M.D. Fla. Jan. 23, 2006) (generally no abuse of discretion in dismissing with prejudice a complaint that in its third iteration still fails to state a claim). Having again failed to comply with the Rule 9 particularity requirements for pleading fraud, the Second Amended Complaint is dismissed with prejudice.

Accordingly, the Court **ORDERS**:

1. The Motion to Dismiss (Doc. 28) is **GRANTED**.

2. The Second Amended Complaint (Doc. 25) is **DISMISSED WITH PREJUDICE**.

3. The Clerk is directed to **CLOSE THIS CASE**.

###

Copies To:
Kevin C. Gleason

*Attorney Kevin C. Gleason is directed to serve a copy of this Order on all interested parties.*